**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
(Northern Division)

| | | |
|---|---|---|
| **NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK)**<br>1 Massachusetts Avenue, N.W.<br>Washington, D.C. 20001<br><br>　　Plaintiff,<br><br>v.<br><br>**.025 ACRES MORE OR LESS OF LAND**<br>located at 2028 West Lanvale Street in<br>Baltimore City, MD 21217<br><br>and<br><br>**BETTY WARD**<br>1214 Glenwood Avenue<br>Baltimore, MD 21239<br><br>　　<u>Serve on:</u><br>　　Betty A. Ward<br>　　1014 Shadow Glen Dr.<br>　　Fairburn, GA 30213<br><br>and<br><br>**WMC MORTGAGE CORP.**<br>6320 Canoga Avenue<br>Woodland Hills, CA 91367<br><br>　　<u>Serve on:</u><br>　　CSC-Lawyers Incorporating Service<br>　　Company, Resident Agent<br>　　7 St. Paul Street, Suite 1660<br>　　Baltimore, MD 21202<br><br>　　<u>Serve on:</u><br>　　CSC-Lawyers Incorporating Service<br>　　Company, Resident Agent<br>　　7 St. Paul Street, Suite 820<br>　　Baltimore, MD 21202 | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | CIVIL ACTION NO. |

|  |  |
|---|---|
|   Serve on: | * |
|   WMC Mortgage Corp. | |
|   P.O. Box 54089 | * |
|   Los Angeles, CA 90054 | |
| | * |
|   Serve on: | |
|   The Prentice-Hall Corporation System, Inc. | * |
|   Registered Agent | |
|   251 Little Falls Drive | * |
|   Wilmington, DE 19808 | |
| | * |
|   Serve on: | |
|   Corporation Service Company | * |
|   Registered Agent | |
|   251 Little Falls Drive | * |
|   Wilmington, DE 19808 | |
| | * |
| and | |
| | * |
| **RICHARD T. CREGGER, Trustee** | |
| 1611 Hampstead Court | * |
| Joppa, MD 21085 | |
| | * |
| and | |
| | * |
| **DRAPER & GOLDBERG, PLLC** | |
| **a/k/a DRAPER & GOLDBERG, LLC** | * |
| 803 Sycolin Road, Suite 301 | |
| Leesburg, VA 20175 | * |
| | |
|   Serve on: | * |
|   Jennifer Stockman, Resident Agent | |
|   10357 Bridle Court | * |
|   Hagerstown, MD 21740 | |
| | * |
|   Serve on: | |
|   David W. Draper, Jr. | * |
|   19879 Annenberg Dr. | |
|   Ashburn, VA 20147 | * |
| | |
| and | * |
| | |
| **DAVID W. DRAPER, JR., Substitute Trustee** | * |
| Draper & Goldberg, PLLC | |
| 803 Sycolin Road, Suite 301 | * |
| Leesburg, VA 20175 | |

|  | |
|---|---|
| | * |
| Serve on: <br> David W. Draper, Jr. <br> 19879 Annenberg Dr. <br> Ashburn, VA 20147 | * <br><br> * |
| and | * |
| **L. DARREN GOLDBERG, Substitute Trustee a/k/a DARREN L. GOLDBERG** <br> Draper & Goldberg, PLLC <br> 803 Sycolin Road, Suite 301 <br> Leesburg, VA 20175 | * <br><br> * <br><br> * |
| Serve on: <br> L. Darren Goldberg <br> 11607 Tori Glen Court <br> Herndon, VA 20170 | * <br><br> * <br><br> * |
| and | * |
| **JAMES HOLDERNESS, Substitute Trustee** <br> Draper & Goldberg, PLLC <br> 803 Sycolin Road, Suite 301 <br> Leesburg, VA 20175 | * <br><br> * |
| Serve on: <br> James Holderness <br> 4115 Wilkens Avenue, 2nd Floor <br> Baltimore, MD 21229 | * <br><br> * <br><br> * |
| and | * |
| **MORENTS, LLC** <br> 110 Painters Mill Road, Suite 112 <br> Owings Mills, MD  21117 | * <br><br> * |
| Serve on: <br> Jay Dackman, Resident Agent <br> 825 N. Charles Street <br> Baltimore, MD 21201 | * <br><br> * |
| Serve on: <br> Andrew Gray, Esq. <br> Law Office of Andrew W. Gray <br> 2450 Eutaw Place | * <br><br> * |

3

|  |  |
|---|---|
| Baltimore, MD 21217 | * |
| and | * |
| **CITIZENS MANAGEMENT, INC.** | * |
| 825 N. Charles Street | |
| Baltimore, MD 21201 | * |
|     <u>Serve on:</u> | * |
|     C/O Jay Dackman, Resident Agent | |
|     825 N. Charles Street | * |
|     Baltimore, MD 21201 | |
| | * |
| and | |
| | * |
| **ESTATE OF BERNARD DACKMAN** | |
| 2221 Maryland Avenue | * |
| Baltimore, MD 21218 | |
| | * |
|     <u>Serve on:</u> | |
|     Jay A. Dackman, | * |
|     Personal Representative | |
|     825 North Charles Street | * |
|     Baltimore, MD 21201 | |
| | * |
|     <u>Serve on:</u> | |
|     Joel Dackman, | * |
|     Personal Representative | |
|     2221 Maryland Avenue | * |
|     Baltimore, MD 21218 | |
| | * |
|     <u>Serve on:</u> | |
|     Joseph R. Dackman, | * |
|     Personal Representative | |
|     1247 West First Street, Apt. C | * |
|     Reno, NV 89503 | |
| | * |
|     <u>Serve on:</u> | |
|     William Dackman, | * |
|     Personal Representative | |
|     2221 Maryland Avenue | * |
|     Baltimore, MD 21218 | |
| | * |
|     <u>Serve on:</u> | |
|     Ilene Dackman-Alon, | * |
|     Personal Representative | |

8403 Greenspring Avenue   *
Baltimore, MD 21208
                          *
Serve on:
Matthew Dackman,          *
Personal Representative
University of Tennessee Space Institute   *
411 BH Goethert Parkway, Box 36
Tullahoma, TN 37388       *

Courtesy copy to:         *
Maurice Offit, Esq.
Offit Kurman              *
1954 Greenspring Dr., Ste. 605
Timonium, MD 21093        *

and                       *

**CHRISTINE M. NORWOOD**   *
2221 Maryland Avenue
Baltimore, MD 21218       *

        Serve on:          *
        Christine M. Norwood
        1300 Clover Valley Way, Apt. K   *
        Edgewood, MD 21040
                           *
        Serve on:
        Christine M. Norwood   *
        3124 Harford Road
        Baltimore, MD 21218   *

and                       *

**CAPITAL ONE, NATIONAL ASSOCIATION**   *
**d/b/a Capital One Bank (USA), NA**
1680 Capital One Drive    *
McClean, VA 22102
                          *
        Serve on:
        CSC-Lawyers Incorporating Service   *
        Company, Resident Agent
        7 St. Paul Street, Suite 820   *
        Baltimore, MD 21202
                          *
and

5

|  |  |
|---|---|
| **ONE STOP AUTO PARTS, INC.** | * |
| 5000 Thayer Center, Suite C | * |
| Oakland, MD 21550 | |
| | * |
|     <u>Serve on:</u> | |
|     Registered Agents, Inc., | * |
|     Resident Agent | |
|     5000 Thayer Center, Suite C | * |
|     Oakland, MD 21550 | |
| | * |
| and | |
| | * |
| **ESTATE OF BETTY K. WARD** | |
| | * |
|     <u>Serve on:</u> | |
|     William Short, Personal Representative | * |
|     2401 Liberty Heights Ave. | |
|     Metro Plaza, Ste. 300 | * |
|     Baltimore, MD 21215 | |
| | * |
| and | |
| | * |
| **ESTATE OF BETTY P. WARD** | |
| | * |
|     <u>Serve on:</u> | |
|     E. Scott Johnson, Personal Representative | * |
|     1115 South Linwood Avenue | |
|     Baltimore, MD 21224 | * |
| | |
| and | * |
| | |
| **MAYOR AND CITY COUNCIL OF** | * |
| **BALTIMORE CITY** | |
| 201 East Baltimore Street | * |
| Baltimore, Maryland 21202 | |
| | * |
|     <u>Serve on:</u> | |
|     Ebony M. Thompson, Esquire, | * |
|     Acting City Solicitor | |
|     100 North Holliday Street | * |
|     City Hall – Suite 101 | |
|     Baltimore, MD 21202 | * |
| | |
| and | * |

| | |
|---|---|
| **UNKNOWN OWNERS AND ALL PERSONS AND/OR ENTITIES THAT MAY HAVE OR CLAIM AN INTEREST IN 2028 WEST LANVALE STREET IN BALTIMORE CITY, MARYLAND** | \* \* \* |
| Defendants. | \* |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT FOR CONDEMNATION AND REQUEST FOR POSSESSION

Plaintiff, National Railroad Passenger Corporation, also known as Amtrak ("Amtrak"), pursuant to authority provided by 49 U.S.C. § 24311 and in compliance with Federal Rule of Civil Procedure 71.1, files this Complaint for Condemnation of all interests in the property located at: 2028 West Lanvale Street, Baltimore, Maryland 21217 (the "Subject Property Interest"). Amtrak files this action against the Defendants listed above, and all unknown interested parties, and respectfully sets forth the following:

### I. INTRODUCTION AND DESCRIPTION OF THE SUBJECT PROPERTY INTEREST

1. Passenger rail service is an essential part of America's transportation system. *See* 49 U.S.C. § 24101(a)(5) ("Modern and efficient intercity passenger and commuter rail passenger transportation is important to the viability and well-being of major urban and rural areas and to the energy conservation and self-sufficiency goals of the United States"); *see also* 49 U.S.C. § 24102(3).

2. Amtrak must acquire the Subject Property Interest for the Frederick Douglass Tunnel Program (the "Program"), also known as the Baltimore and Potomac ("B&P") Tunnel Replacement Program. The 1.4-mile B&P Tunnel, located in Baltimore, dates to the Civil War era. At 150 years old, it is one of the oldest structures along Amtrak's Northeast Corridor (also referred to herein as the "NEC"). The NEC is one of the busiest, most complex, and economically

7

vital transportation systems in the world, connecting eight states and the District of Columbia through an active and highly traveled rail network. The B&P Tunnel connects Baltimore's Penn Station to Washington, D.C. and Virginia and is relied upon by 9 million MARC and Amtrak passengers annually.

3.  The B&P Tunnel suffers from a variety of age-related issues such as excessive water infiltration, a deteriorating structure, and a sinking floor. Moreover, the tunnel's outdated design limits its efficiency and functionality. Its current combination of horizontal and vertical track alignment (*i.e.*, its grades and curves) limits train speeds significantly, creating a bottleneck at a critical point in the NEC. Delays are chronic due to this bottleneck — more than 10% of weekday trains are delayed, and delays occur on 99% of weekdays.

4.  The Program will modernize and transform a four-mile section of the NEC. The Program includes the construction of two new high-capacity tubes for electrified passenger trains, new roadway and railroad bridges, new rail systems and track, and a new ADA-accessible West Baltimore MARC station. *See generally* Amtrak, Frederick Douglass Tunnel Program, https://www.amtrak.com/bptunnel (last visited Dec. 14, 2023).

5.  Amtrak is authorized under 49 U.S.C. § 24311 to acquire interests in property necessary for intercity rail passenger transportation through eminent domain. In this action, Amtrak asserts and exercises its right under 49 U.S.C. § 24311(a)(1)(A) to acquire the Subject Property Interest because it is necessary for intercity rail passenger transportation. As described below, Amtrak is depositing with the Court the amount it estimates to be just compensation for the Subject Property Interest in accordance with statutory requirements.

6.  The Subject Property Interest is located at 2028 West Lanvale Street, Baltimore City, Maryland 21217, which is recorded in the Baltimore City Property Location Block Plats as

Ward 16 - Section 05 - Block 0082 - Lot 013.  Upon information and belief, the Subject Property Interest is approximately .025 acres in size, currently improved and unoccupied.

    **II.    PARTIES**

    7.    As tasked by the United States Congress in the Passenger Rail Investment and Improvement Act of 2008 ("PRIIA"), as amended, Amtrak's mission is to "provide efficient and effective intercity passenger rail mobility consisting of high-quality service that is trip-time competitive with other intercity travel options …." 49 U.S.C. § 24101(b).  Amtrak is a District of Columbia corporation authorized by the Rail Passenger Service Act (currently set forth at 49 U.S.C. § 24101, *et seq.*).  Amtrak's principal place of business is located at 1 Massachusetts Avenue, NW, Washington, D.C. 20001.  It is the Nation's intercity passenger rail service provider and high-speed rail operator and operates a national rail network of more than 21,400 route miles serving more than 500 destinations in forty-six states, the District of Columbia, and three Canadian provinces.  The United States holds, through the U.S. Secretary of Transportation, 100% of Amtrak's preferred stock.

    8.    Upon information and belief, Defendant Betty Ward (referred to herein as "Ms. Ward") is the current record owner of the Subject Property Interest pursuant to Baltimore City Land Records and/or the Maryland State Department of Assessments and Taxation real property records, whose last known address is 1214 Glenwood Avenue, Baltimore, Maryland 21239.  Upon information and belief, Ms. Ward may also be located at 1014 Shadow Glen Drive, Fairburn, Georgia 30213.

    9.    Upon information and belief, Defendant WMC Mortgage Corp. (referred to herein as "WMC Mortgage") was a corporation organized under the laws of the State of California with its principal place of business in Woodland Hills, California, and was registered to do business in Maryland.  However, the Maryland charter/registration has been or may have been forfeited and/or

9

the California corporation has or may have been dissolved. Pursuant to records at the Maryland State Department of Assessments and Taxation, WMC Mortgage applied for Termination for a Foreign Corporation Qualification on or about 02/07/2008. Upon information and belief, WMC Mortgage was or may have been organized under the laws of the State of Delaware and the Delaware organization was or may have been reorganized and/or dissolved. WMC Mortgage has or may have an interest in the Subject Property Interest as described more fully below.

10. Upon information and belief, Defendant Richard T. Cregger (referred to hereinafter as "Mr. Cregger") was a Trustee pursuant to a Deed of Trust made on August 15, 1997, of the Subject Property Interest with Ms. Ward as grantor and borrower for the benefit of WMC Mortgage as beneficiary, which secured a debt owed by Ms. Ward to WMC Mortgage, and recorded in the Land Records of Baltimore City, Maryland in Liber 6702, folio 086. Mr. Cregger has or may have an interest in the Subject Property Interest. Mr. Cregger's last known address is 1611 Hampstead Court, Joppa, Maryland 21085.

11. Upon information and belief, WMC Mortgage also has or may have an interest in the Subject Property Interest pursuant to a foreclosure lawsuit, *David W. Draper, Jr., et al. v. Betty Ward*, in the Circuit Court for Baltimore City, Maryland, Case No. 24O99009017. Upon information and belief, the foreclosure was ratified and confirmed on or about March 28, 2000, and title is or may be held in the name of one or more Substitute Trustees, David W. Draper, Jr., L. Darren Goldberg, and James Holderness. Upon information and belief, WMC Mortgage may have purchased the Subject Property Interest in the foreclosure. However, Amtrak is unaware of whether title to the Subject Property Interest has been transferred by the referenced foreclosure, purchase, and/or subsequent recording of any relevant instrument.

12. Upon information and belief, Defendant Draper & Goldberg, PLLC a/k/a Draper &

Goldberg, LLC (referred to as "Draper & Goldberg") was a professional limited liability company and/or limited liability company organized under the laws of the State of Virginia with its principal place of business in Leesburg, Virginia, and registered to do business in Maryland. However, the Maryland charter/registration has been or may have been forfeited and/or the Virginia charter/registration has or may have been inactivated. Upon information and belief, Draper & Goldberg was a law firm that represented one or more of the Substitute Trustees, David W. Draper, Jr., L. Darren Goldberg, and James Holderness, in the foreclosure lawsuit. Draper & Goldberg has or may have an interest in the Subject Property Interest.

13. Upon information and belief, Defendant David W. Draper, Jr. (referred to as "Mr. Draper") is a Substitute Trustee under the Deed of Appointment of Substitute Trustees for the benefit of WMC Mortgage, dated 12/08/1998, recorded in the Land Records of Baltimore City, Maryland in Liber 8026, folio 083. Mr. Draper has or may have an interest in the Subject Property Interest. Mr. Draper's last known address is 803 Sycolin Road, Suite 301, Leesburg, Virginia 20175. Upon information and belief, Mr. Draper may also be located at 19879 Annenberg Drive, Ashburn, Virginia 20147.

14. Upon information and belief, Defendant L. Darren Goldberg a/k/a Darren L. Goldberg (referred to as "Mr. Goldberg") is a Substitute Trustee under the Deed of Appointment of Substitute Trustees for the benefit of WMC Mortgage, dated 12/08/1998, recorded in the Land Records of Baltimore City, Maryland in Liber 8026, folio 083. Mr. Goldberg has or may have an interest in the Subject Property Interest. Mr. Goldberg's last known address is 803 Sycolin Road, Suite 301, Leesburg, Virginia 20175. Upon information and belief, Mr. Goldberg may also be located at 11607 Tori Glen Court, Herndon, Virginia 20170.

15. Upon information and belief, Defendant James Holderness (referred to as "Mr.

11

Holderness") is a Substitute Trustee under the Deed of Appointment of Substitute Trustees for the benefit of WMC Mortgage, dated 12/08/1998, recorded in the Land Records of Baltimore City, Maryland in Liber 8026, folio 083.  Mr. Holderness has or may have an interest in the Subject Property Interest.  Mr. Holderness' last known address is 803 Sycolin Road, Suite 301, Leesburg, Virginia 20175. Upon information and belief, Mr. Holderness may also be located at 4115 Wilkens Avenue, 2nd Floor, Baltimore, Maryland 21229.

16. Upon information and belief, Defendant Morents, LLC (referred to herein as "Morents") is a limited liability company organized under the laws of the State of Maryland with its principal place of business in Maryland.  Morents has or may have an interest in the Subject Property Interest, specifically as the holder of a Ground Rent.

17. Upon information and belief, Citizens Management, Inc. (referred to herein as "Citizens Management") is a corporation organized under the laws of the State of Maryland with its principal place of business in Maryland, but whose charter/registration has been or may have been forfeited.  Citizens Management has or may have an interest in the Subject Property Interest, specifically as the agent collecting the Ground Rent.

18. Upon information and belief, Defendant Christine M. Norwood (referred to herein as "Ms. Norwood") is or may be a person with an interest in the Subject Property Interest, specifically as the lessee, holder, or prior holder, of a Ground Rent.  Ms. Norwood's last known address is 2221 Maryland Avenue, Baltimore, MD 21218. Upon information and belief, Ms. Norwood may also be located at 1300 Clover Valley Way, Apt. K, Edgewood, Maryland 21040 and/or 3124 Harford Road, Baltimore, Maryland 21218.

19. Upon information and belief, Defendant Estate of Bernard Dackman may have an interest in the Subject Property Interest, specifically as lessor, holder, or prior holder, of a Ground

Rent. Upon information and belief, Bernard Dackman is deceased. Pursuant to a search of the Office of the Register of Wills of Maryland, an estate was opened for Bernard Dackman and one or more of the following individuals were appointed as Personal Representative(s):

 a. Jay A. Dackman, whose last known address is 825 North Charles Street, Baltimore, Maryland 21201;

 b. Joel Dackman, whose last known address is 2221 Maryland Avenue, Baltimore, Maryland 21218;

 c. Joseph R. Dackman, whose last known address is 1247 West First Street, Apt. C, Reno, Nevada 89503;

 d. William Dackman, whose last known address is 2221 Maryland Avenue, Baltimore, Maryland 21218;

 e. Ilene Dackman-Alon, whose last known address is 8403 Greenspring Avenue, Baltimore, Maryland 21208;

 f. Matthew Dackman, whose last known address is University of Tennessee Space Institute, 411 BH Goethert Parkway, Box 36, Tullahoma, Tennessee 37388.

20. Upon information and belief, Defendant Capital One National Association d/b/a Capital One Bank (USA) NA (referred to herein as "Capital One") is a foreign corporation authorized to do business in Maryland, which may have an interest in the Subject Property Interest as a judgment creditor of Betty J. Ward.

21. Upon information and belief, Defendant One Stop Auto Parts, Inc. (referred to herein as "One Stop Auto Parts") is a corporation organized under the laws of the State of Maryland with its principal place of business in Oakland, Maryland, which may have an interest

in the Subject Property Interest as a judgment creditor of Betty Ward.

22. Upon information and belief, Defendant Estate of Betty K. Ward may have an interest in the Subject Property Interest as a record owner, pursuant to Baltimore City Land Records and/or the Maryland State Department of Assessments and Taxation real property records. Upon information and belief, Betty K. Ward is deceased. Pursuant to a search of The Office of the Register of Wills of Maryland, an estate was opened for Betty K. Ward and William Short was appointed as Personal Representative, whose last known address is 2401 Liberty Heights Ave., Metro Plaza, Ste. 300, Baltimore, Maryland 21215.

23. Upon information and belief, Defendant Estate of Betty P. Ward may have an interest in the Subject Property Interest as a record owner, pursuant to Baltimore City Land Records and/or the Maryland State Department of Assessments and Taxation real property records. Upon information and belief, Betty P. Ward is deceased. Pursuant to a search of The Office of the Register of Wills of Maryland, an estate was opened for Betty P. Ward and E. Scott Johnson was appointed as Personal Representative, whose last known address is 1115 South Linwood Avenue, Baltimore, Maryland 21224.

24. Baltimore City, Maryland has or may have an interest in the Subject Property Interest through liens or otherwise. Defendant Mayor and City Council of Baltimore City (referred to herein as the "City") has, therefore, been included as a Defendant to this action.

25. In addition to the parties named in this Complaint as Defendants, there may be other persons or entities who have, or may claim, some interest in the Subject Property Interest and whose names, after diligent search, are unknown to and not reasonably ascertainable by Amtrak at this time. Such persons or entities are made prospective parties to this action under the designation of Defendant "Unknown Owners and All Persons and/or Entities That May Have or Claim an

Interest," as permitted by Fed. R. Civ. P. 71.1(c)(3) and are being notified by publication of this action.

### III.  JURISDICTION AND VENUE

26. The United States District Court for the District of Maryland has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 because the authority for Amtrak to acquire an interest in property by eminent domain arises under the laws of the United States, specifically 49 U.S.C. § 24311.

27. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1349 because the United States holds, through the U.S. Secretary of Transportation, 100% of Amtrak's preferred stock.

28. Venue in the United States District Court for the District of Maryland is proper pursuant to 49 U.S.C. § 24311(b), which requires that actions brought by Amtrak to acquire interests in real property by eminent domain be brought in the United States District Court for the judicial district in which the property to be acquired is located. The Subject Property Interest is located in the judicial district for the District of Maryland.

29. Amtrak hereby exercises its power of eminent domain pursuant to 49 U.S.C. § 24311(a)(1)(A) and 49 U.S.C. § 24311(a)(2) and states that: (1) the Subject Property Interest is necessary for intercity rail passenger transportation; (2) it has not been able to acquire the Subject Property Interest by contract; and (2) it has not been able to agree with the various Defendants on the purchase price for the Subject Property Interest.

30. Amtrak is complying with all requirements of 49 U.S.C. § 24311, entitling it to exercise the right of eminent domain to obtain the Subject Property Interest.

### IV.  THE RELATIONSHIP OF THE SUBJECT PROPERTY INTERESTS TO AMTRAK'S GOALS AND MISSION

31. Amtrak's acquisition of the Subject Property Interest is necessary for the construction of the Frederick Douglass Tunnel and to modernize and transform a section of the NEC. The Program for which the Subject Property Interest is needed will allow Amtrak to better meet the transportation and safety needs of the more than 9 million annual MARC and Amtrak customers who rely on rail service in the northeast region of the United States.

32. The Subject Property Interest is necessary for intercity rail passenger transportation in connection with Amtrak's development of high-speed intercity rail passenger facilities along the NEC, as authorized by the Rail Passenger Service Act, 49 U.S.C. § 24301, *et seq*.

*Time is of the Essence*

33. As discussed above, the Program will allow for improvements that are essential to intercity rail passenger transportation and the timing of beginning construction is critical.

34. Amtrak needs the Subject Property Interest so that improvements can be made without delay.

V. **DECLARATION OF TAKING**

35. As set forth above, and for other good and sufficient reasons, acquisition of the Subject Property Interest is necessary for intercity rail passenger transportation in the United States. The acquisition of the Subject Property Interest has a direct nexus to, and/or significant relationship with, Amtrak's statutory mandates, as well as Amtrak's corporate goals and mission. Because the Subject Property Interest is necessary for intercity rail passenger transportation, as set forth in 49 U.S.C. § 24311(a)(1)(A), Amtrak is entitled to, and does, by this action, acquire the Subject Property Interest by eminent domain.

36. Amtrak is filing a Declaration of Taking contemporaneously herewith and is depositing the money estimated as just compensation as described in Paragraphs 37, 42, and 43

herein. Amtrak is therefore immediately vested with title in fee simple to the Subject Property Interest, in total and without lien, pursuant to 49 U.S.C. § 24311(b)(2).

## VI. STATEMENT OF MONEY ESTIMATED FOR JUST COMPENSATION

37. Amtrak obtained from a certified independent real estate appraiser a valuation of the estimated just compensation for the Subject Property Interest at 2028 West Lanvale Street, Baltimore, Maryland 21217. The certified independent real estate appraiser ascertained that the fair market value of the Subject Property Interest as of June 20, 2022, was Fifty-Two Thousand Six Hundred Dollars and No Cents ($52,600.00).

38. Prior to the filing of this Complaint, Amtrak attempted to locate Ms. Ward to negotiate a purchase price for the Subject Property Interest. Amtrak has been unsuccessful in attempting to locate Ms. Ward.

39. On July 12, 2023, Amtrak sent to Ms. Ward's last known address an offer to purchase the Subject Property Interest for the sum of Fifty-Two Thousand Six Hundred Dollars and No Cents ($52,600.00). On October 12, 2023, Amtrak emailed Ms. Ward at an email address believed to be hers. On October 18, 2023, Amtrak sent another copy of the July 2023 Offer Letter to Ms. Ward's last known address. Amtrak did not receive a response to its offer to acquire the Subject Property Interest.

40. On July 12, 2023, Amtrak sent to the last known address of the Substitute Trustees, David Draper, L. Darren Goldberg, and James Holderness, for WMC Mortgage an offer to purchase the Subject Property Interest for the sum of Fifty-Two Thousand Six Hundred Dollars and No Cents ($52,600.00). On October 17, 2023, Amtrak sent another copy of the July 2023 Offer Letter to David Draper and to James Holderness at their new addresses. Amtrak was advised that WMC Mortgage may no longer be a viable company.

41. Amtrak's attempts to purchase the Subject Property Interest by consent were unsuccessful. Consequently, Amtrak was not able to acquire the Subject Property Interest by contract or agree as to the purchase price for the Subject Property Interest. Amtrak is, therefore, authorized to acquire the Subject Property Interest by use of its eminent domain powers.

42. Prior to the filing of this Complaint, counsel for Amtrak communicated with counsel for Morents, Andrew W. Gray, Esquire, regarding redemption of Morents' ground rent interest in the Subject Property Interest. Pursuant to such communications, Amtrak intends to redeem the ground rent for the Subject Property Interest by becoming the holder of the ground rent interest via a deed of assignment of ground rent interest. The estimated value of the ground rent redemption is Nine Hundred Dollars and No Cents ($900.00).

43. At or about the time of the filing of this action, Amtrak is depositing into the Court the amount of Fifty-Two Thousand Six Hundred Dollars and No Cents ($52,600.00) and Nine Hundred Dollars and No Cents ($900.00), for a total of Fifty-Three Thousand Five Hundred Dollars and No Cents ($53,500.00) (the "Deposit"). The Deposit amount is equal to or greater than just compensation for the Subject Property Interest. The Deposit is a prerequisite to the filing of a Declaration of Taking and vesting of title of the Subject Property Interest in Amtrak.

44. Pursuant to 49 U.S.C. § 24311(b)(3), a finding on the amount that is just compensation for the interest taken in the Subject Property is to be made. Amtrak requests that, if needed, the determination of the value of just compensation be referred to a duly appointed commission pursuant to Federal Rule of Civil Procedure 71.1(h)(2).

**VII.    POSSESSION OF THE SUBJECT PROPERTY INTEREST**

45. Pursuant to 49 U.S.C. § 24311(b)(2)(A), this Court may decide "the time by which, and the terms under which, possession of the property is given to Amtrak[.]"

46. Amtrak first seeks immediate access to the Subject Property Interest to conduct a thorough inspection.

47. Second, Amtrak requests that the Court determine the time and terms under which possession of the Subject Property Interest will be given to Amtrak.

48. Amtrak needs immediate access to the Subject Property Interest because: (1) no just reason exists for delay in allowing Amtrak to inspect the Subject Property Interest; (2) Amtrak's immediate access to the Subject Property Interest will not cause any inconvenience or expense to any of the Defendants, or any other person, party, entity, or Defendant, whether known or unknown; and (3) delay in allowing Amtrak access to the Subject Property Interest will obstruct Amtrak's ability to plan for an orderly transfer of possession and use of the Subject Property Interest for intercity rail passenger transportation.

## VIII. OUTSTANDING CHARGES

49. Pursuant to 49 U.S.C. § 24311(b)(2)(B), upon the filing of the Declaration of Taking, the Court is empowered to decide "the disposition of outstanding charges related to" the Subject Property Interest.

50. In particular, Amtrak seeks from the Defendants (other than the City), as applicable and appropriate, the value of its possession of the property interests being acquired during the time period running from the date of the filing of the Declaration of Taking, when the Subject Property Interest vests with Amtrak, to the date of possession by Amtrak.

51. Amtrak seeks the disposition of all such outstanding charges, if any, and requests that such charges be disposed of by imposing them on the Defendants (other than Baltimore City), as applicable and appropriate.

WHEREFORE, Plaintiff, National Railroad Passenger Corporation, also known as Amtrak, respectfully prays for judgment that the Subject Property Interest be and is condemned;

and that this Court grant such other relief as may be just, including but not limited to: an order fixing the value of the Subject Property Interest condemned; the time and terms for Amtrak's possession of the Subject Property Interest; and an order disposing of any outstanding charges thereon.

Respectfully submitted,

**COUNSEL FOR PLAINTIFF NATIONAL RAILROAD PASSENGER CORPORATION**

/s/ *Patricia McHugh Lambert*
Patricia McHugh Lambert, Federal Bar #02539
Alejandro Camacho, Federal Bar #30814
PESSIN KATZ LAW, P.A.
901 Dulaney Valley Road, Suite 500
Towson, MD  21204-2600
Telephone: 410-938-8800
Fax: 410-832-5650
plambert@pklaw.com
acamacho@pklaw.com