IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK), | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO. JKB-24-00046 |
| .025 ACRES MORE OR LESS OF LAND, et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Plaintiff National Railroad Passenger Corporation, also known as Amtrak, filed a Complaint for Condemnation and Request for Possession. (Compl., ECF No. 1.) Currently pending before the Court is Amtrak's Motion to Deposit Estimate of Just Compensation. (ECF No. 5.) The Court will grant the Motion and direct Amtrak to file a status report.

### I. *Background*

Amtrak, "pursuant to authority provided by 49 U.S.C. § 24311 and in compliance with Federal Rule of Civil Procedure 71.1" filed a "Complaint for Condemnation of all interests in the property located at: 2028 West Lanvale Street, Baltimore, Maryland 21217 (the 'Subject Property Interest')." (Compl. at 1.) Amtrak explains that it "must acquire the Subject Property Interest for the Frederick Douglass Tunnel Program[,] also known as the Baltimore and Potomac [] Tunnel Replacement Program." (*Id.* ¶ 2.) In its Complaint, Amtrak describes the Subject Property Interest and the Defendants that may have an interest in the Subject Property Interest. (*Id.* ¶¶ 6, 8–25.) Amtrak details its unsuccessful efforts to obtain the Subject Property Interest by contract with the

owners. (*Id.* ¶¶ 38–41.)[1] Amtrak provides that its estimate of the just compensation for the Subject Property Interest, which is based on a valuation from a certified independent real estate appraiser, is $52,600. (*Id.* ¶ 37.)

Amtrak explains that it "needs the Subject Property Interest so that improvements can be made without delay." (*Id.* ¶ 34.) It seeks, *inter alia*, (1) immediate access to the property to conduct an inspection, and (2) that the Court determine the time and terms under which possession of the property will be given to Amtrak. (*Id.* ¶¶ 46–47.)

In addition to the Complaint, Amtrak filed a Notice of Condemnation (ECF No. 2); a Declaration of Taking (ECF No. 3); and the pending Motion to Deposit Estimate of Just Compensation (ECF No. 5).

## II.   *49 U.S.C. § 24311*

Pursuant to 49 U.S.C. § 24311(a), "Amtrak may acquire by eminent domain . . . interests in property" that are "necessary for intercity rail passenger transportation[.]" It "may exercise the power of eminent domain only if it cannot (A) acquire the interest in the property by contract; or (B) agree with the owner on the purchase price for the interest." *Id.* The Fourth Circuit has explained that there are two methods of exercising the power of eminent domain: "straight condemnation" (where just compensation and final judgment are determined prior to the condemnor's possession) and "quick take" (where the condemnor may take possession at the beginning of the case). *E. Tenn. Nat. Gas Co. v. Sage*, 361 F.3d 808, 821 (4th Cir. 2004). 49 U.S.C. § 24311 is a quick take statute.

---

[1] It also explains that it communicated with counsel for Morents, LLC, the holder of a ground rent in the Subject Property Interest. (Compl. ¶¶ 16, 42.) Amtrak explains that "[p]ursuant to such communications, Amtrak intends to redeem the ground rent for the Subject Property Interest by becoming the holder of the ground rent interest via a deed of assignment of ground rent interest. The estimated value of the ground rent redemption is Nine Hundred Dollars and No Cents ($900.00)." (*Id.* ¶ 42.)

2

Because Amtrak has filed the declaration required by 49 U.S.C. § 24311(b)(1), once it makes a deposit of the amount of money it has estimated to be just compensation, title to the property will vest in Amtrak. 49 U.S.C. § 24311(b)(2). However, at this time, the Court does not set "the time by which, and the terms under which, possession of the property is given to Amtrak" or "the disposition of outstanding charges related to the property." *See id.*

The Court plans to follow the course it has taken in a related condemnation case, JKB-23-2158, and expects to entertain any motions for possession of the property only after service has been accomplished pursuant to Federal Rule of Civil Procedure 71.1(d)(3). The Fourth Circuit has advised that "the government takes possession of the condemned property as a matter of course, unless the landowner or occupant demonstrates some undue hardship that warrants a delay." *E. Tenn. Nat. Gas Co.*, 361 F.3d at 825. While the Court expects to grant possession of the properties to Amtrak after it has effected service upon the Defendants, the Court is unable to assess hardship to the Defendants if they have not first been served and provided an opportunity to answer.

## *IV.   Conclusion*

For the foregoing reasons, it is ORDERED that:

1. Amtrak's Motion to Deposit Estimate of Just Compensation (ECF No. 5) is GRANTED.

2. The Clerk SHALL ACCEPT the deposit tendered by Amtrak in the amount of $53,500.00.

3. The Clerk SHALL DEPOSIT these funds into an interest-bearing account under the terms and conditions set forth in Federal Rule of Civil Procedure 67 and this Court's Standing Order of January 25, 2017.

4. Amtrak is DIRECTED to effect service upon all Defendants in accordance with Federal Rule of Civil Procedure 71.1.

5. Amtrak SHALL FILE a status report when service is effected upon all Defendants. To the extent service is not effected by March 1, 2024, Amtrak SHALL FILE a status report by that date detailing the status of service to the Defendants.

DATED this 12 day of January, 2024.

BY THE COURT:

*James K. Bredar*

James K. Bredar
Chief Judge