## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

NATIONAL RAILROAD PASSENGER      *
CORPORATION (AMTRAK),

     Plaintiff,                *

     v.                     *          **CIVIL NO. JKB-24-0046**

.025 ACRES MORE OR LESS OF LAND,   *
*et al.,*

     Defendants.         *

   *     *     *     *     *     *     *     *     *     *     *     *

### MEMORANDUM AND ORDER

Currently pending before the Court is National Railroad Passenger Corporation's ("Amtrak") Motion for Summary Judgment and for Other Relief. (ECF No. 25.) The Court will rule on this Motion after the requisite just compensation hearing. The Court will therefore set in the just compensation hearing, as well as a deadline by which it must receive all disbursement motions.

### I. *Factual and Procedural Background*

Amtrak filed a Complaint for Condemnation and Request for Possession pursuant to 49 U.S.C. § 24311 to acquire by eminent domain the property located at 2028 West Lanvale Street, Baltimore, Maryland 21217. (ECF No. 1.) Amtrak listed as Defendants the persons and entities that may claim an interest in the property. (*Id.*)

The Court granted Amtrak's Motion to Deposit Estimate of Just Compensation, and Amtrak deposited funds totaling $53,500.00 with the Court. (ECF No. 10.) As result, title in the

subject properties vested in Amtrak. (*See* ECF No. 10 at 3.) After Amtrak served all Defendants, the Court granted Amtrak's Motion for Immediate Possession. (*See* ECF Nos. 24, 28.)

Certain of the Defendants have entered an appearance in this matter: the Mayor and City Council of Baltimore City (the "City") (ECF No. 12); Morents, LLC (ECF No. 14); and Betty Ward (ECF No. 16). None contested Amtrak's authority to condemn the properties, and none filed any opposition to the pending Motion for Summary Judgment. The City "reserve[d] the right to participate in any future trial on the issue of compensation, to present evidence on the amount of compensation to be paid, and to share in the ultimate award." (ECF No. 12.) Morents, LLC explained that it is the holder of a ground rent and seeks a disbursement of $2,874. (ECF No. 14.) Betty Ward seeks a disbursement of $53,500. (ECF No. 16.)

## II.   *Motion for Summary Judgment*

Amtrak has filed a Motion for Summary Judgment and for Other Relief, in which it seeks for the Court to determine the just compensation of the property and the outstanding charges relating to the properties. (ECF No. 25.)

### A.  Hearing

The issues of just compensation relating to the subject properties may be determined by summary judgment. *See, e.g.*, *Mountain Valley Pipeline, LLC v. 0.15 Acres of Land by Hale*, Civ. No. 19-00181, 2020 WL 365506, at *4 (W.D. Va. Jan. 22, 2020), *aff'd,* 827 F. App'x 346 (4th Cir. 2020) (explaining that "Rule 56 applies in this case because the rule governing condemnation proceedings in federal court (Rule 71.1) has no provisions governing summary judgment" and that "[s]ummary judgment is appropriately granted in a condemnation case when there is no genuine issue of material fact regarding the fair market value of the property to be taken"). Further, under 49 U.S.C. § 24311(b)(3), "[a]fter a hearing, the court shall make a finding on the amount that is

just compensation for the interest in the property and enter judgment awarding that amount and interest on it." In addition, under 49 U.S.C. § 24311(b)(2)(B), "the court may decide . . . the disposition of outstanding charges related to the property."

The Court will therefore set in a hearing to occur on May 29, 2024, at 11:00 a.m. After such hearing, the Court will make findings related to just compensation and will rule on Amtrak's Motion for Summary Judgment and for Other Relief.

### B. Notice

In the interest of ensuring that all parties may be adequately heard in this matter, the Court will direct Amtrak to provide notice to the non-appearing Defendants of its Motion for Summary Judgment and of this Memorandum and Order in the same manner that it provided such notice in related case JKB-23-cv-2158.

### III. Motions for Disbursement

Although they have not styled their filings as motions, Defendants Morents, LLC and Betty Ward seek disbursements. (ECF No. 14, 16.) 49 U.S.C. § 24311(b)(4) provides that "[o]n application of a party, the court may order immediate payment of any part of the amount deposited in the court for the compensation to be awarded." Further, Federal Rule of Civil Procedure 71.1(c)(4) provides that notice must be served on all defendants, no matter when such defendants were added to the action, and that "[t]he court, meanwhile, may order any distribution of a deposit that the facts warrant."

Given the number of potentially interested Defendants and that the Court is setting in a just compensation hearing, the Court will determine the issue of disbursement at a later date. The Court will also set in a deadline by which any Defendant must file a motion for disbursement. Any

3

such motions must be filed by May 22, 2024.  Any Defendant who does not file a motion by that deadline may forfeit their right to a distribution by the Court.

## IV.  *Conclusion*

For the foregoing reasons, it is ORDERED that:

1. A JUST COMPENSATION HEARING is set in for May 29, 2024, at 11:00 a.m. in Courtroom 5A at the Edward A. Garmatz U.S. District Courthouse at 101 W. Lombard St., Baltimore, MD 21201.

2. Any Defendant that plans to attend the Just Compensation Hearing is DIRECTED to notify the Court of that fact by May 22, 2024.

3. Any Defendant that seeks a disbursement is DIRECTED to file an appropriate motion by May 22, 2024.  The motion must include the amount they seek to be distributed and any records evidencing the Defendant's entitlement to that distribution.

4. Amtrak is DIRECTED to serve copies of its Motion for Summary Judgment and Other Relief (ECF No. 25) and this Memorandum and Order on all non-appearing Defendants.

DATED this __/__ day of April, 2024.

BY THE COURT:

James K. Bredar
Chief Judge

4